THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER ASKING FOR AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. MAY A COUNTY, AS LESSEE, ENTER INTO A LEASE PURCHASE CONTRACT WITH A PRIVATE ENTITY FOR THE PURCHASE OF A BRIDGE TO BE CONSTRUCTED BY THE PRIVATE ENTITY, IF THE LEASE CONTAINS TERMS THAT IT WILL BE FOR A SPECIFIED PERIOD OF YEARS, AT THE CONCLUSION OF WHICH, TITLE TO THE BRIDGE WILL PASS TO THE COUNTY?
 2. IF A COUNTY, AS LESSEE, ENTERS INTO A LEASE PURCHASE CONTRACT WITH A PRIVATE ENTITY FOR THE CONSTRUCTION OF A BRIDGE TO BE USED BY THE PUBLIC, AND THE LEASE CONTAINS PROVISIONS THAT THE LEASE WILL BE FOR A SPECIFIED TERM OF YEARS, AT THE CONCLUSION OF WHICH THE TITLE TO THE BRIDGE WILL PASS TO THE COUNTY, IS THE LESSOR LIABLE FOR OKLAHOMA AD VALOREM TAXES?
BECAUSE YOUR QUESTIONS CAN BE ANSWERED BY REFERENCE TO CLEARLY CONTROLLING STATUTES, CASE LAW AND OPINIONS, A FORMAL OPINION IS NOT NECESSARY. THE DISCUSSION THAT FOLLOWS IS, THEREFORE, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL, AND IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
AS TO YOUR FIRST QUESTION, ANALYSIS BEGINS WITH THE RECOGNITION THAT COUNTIES IN OKLAHOMA POSSESS ONLY THOSE POWERS WHICH HAVE BEEN ASSIGNED TO THEM BY EXPRESS STATUTORY PROVISIONS. TULSA EXPOSITION FAIR CORPORATION V. BOARD OF COUNTY COMMISSIONERS, 468 P.2D 501, 507 (OKLA.1970); BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY V. WARRAM, 385 P.2D 1034 (OKLA.1955). THUS, DETERMINATION OF THE LAWFULNESS OF THE CONTRACTUAL ARRANGEMENT DESCRIBED BY YOUR QUESTION REQUIRES REFERENCE TO THE SPECIFIC STATUTE WHICH DELINEATES THE POWER OF COUNTIES TO ENTER INTO A LEASE OR LEASE PURCHASE AGREEMENT.
THE GENERAL AUTHORITY FOR A COUNTY TO ENTER INTO A LEASE-PURCHASE CONTRACT IS FOUND AT 62 O.S. 430.1 (1991). SECTION 430.1 STATES IN PERTINENT PART:
 "A. THE GOVERNING BOARD OF ANY COUNTY, CITY OR TOWN, OR SCHOOL DISTRICT IS AUTHORIZED TO RENT ON A MONTHLY BASIS REAL PROPERTY OR EQUIPMENT AS AUTHORIZED BY THE GOVERNING BOARD AND TO PAY THE RENTAL CHARGES THEREON FOR USAGE DURING ANY FISCAL PERIOD, OR PORTION THEREOF, OUT OF APPROPRIATIONS MADE AND APPROVED FOR SUCH PURPOSES FOR, OR DURING, SUCH FISCAL YEAR. ANY SUCH RENTAL CONTRACT EXTENDING BEYOND JUNE 30 OF THE FISCAL YEAR SHALL CONTAIN THE PROVISIONS FOR MUTUAL RATIFICATION OF RENEWAL UNDER THE CONDITIONS PROVIDED IN THIS SECTION.
 B. IT IS THE PURPOSE OF THIS ACT TO AUTHORIZE SUCH GOVERNING BOARDS TO ENTER INTO LEASE AND LEASE-PURCHASE CONTRACTS BUT NOT TO INCUR ANY OBLIGATION UPON THE PART OF THEIR RESPECTIVE MUNICIPAL OR GOVERNMENTAL SUBDIVISIONS IN EXCESS OF THE INCOME AND REVENUE THEREOF PROVIDED FOR SUCH PURPOSES FOR THE FISCAL YEAR IN WHICH THE LEASE CONTRACT IS EFFECTIVELY OPERATIVE."
UNDER THIS STATUTE, A BOARD OF COUNTY COMMISSIONERS MAY ENTER INTO A LEASE-PURCHASE CONTRACT FOR A BRIDGE, IF A BRIDGE IS "REAL PROPERTY OR EQUIPMENT," AND THE CONTRACT MEETS ALL THE REQUIREMENTS IN 62 O.S. 430.1.
THE GENERAL DEFINITION OF "REAL PROPERTY" IS FOUND AT60 O.S. 5:
"REAL OR IMMOVABLE PROPERTY CONSISTS OF:
1. LAND.
2. THAT WHICH IS AFFIXED TO LAND.
3. THAT WHICH IS INCIDENTAL OR APPURTENANT TO LAND.
4. THAT WHICH IS IMMOVABLE BY LAW."
 THE LANGUAGE IN SUBSECTION 2, "(T)HAT WHICH IS AFFIXED TO LAND," IS CLARIFIED IN 60 O.S. 7 , WHICH PROVIDES:
 "A THING IS DEEMED TO BE AFFIXED TO LAND WHEN IT IS ATTACHED TO IT BY ROOTS, AS IN THE CASE OF TREES, VINES OR SHRUBS, OR EMBEDDED IN IT, AS IN THE CASE OF WALLS, OR PERMANENTLY RESTING UPON IT, AS IN THE CASE OF BUILDINGS, OR PERMANENTLY ATTACHED TO WHAT IS THUS PERMANENT, AS BY MEANS OF CEMENT, PLASTER, NAILS, BOLTS, OR SCREWS."
UNDER THE ABOVE CLARIFICATION, A BRIDGE CONSTITUTES "(T) HAT WHICH IS AFFIXED TO LAND" AND, THEREFORE, FALLS WITHIN THE GENERAL DEFINITION OF "REAL PROPERTY" SET FORTH IN 60 O.S. 5. THIS IS IN ACCORD WITH THE FOLLOWING STATEMENT IN CORPUS JURIS SECUNDUM:
 "A BRIDGE IS OF NECESSITY AFFIXED TO THE REALTY AND IS REAL ESTATE, AND IN CONSEQUENCE A CONTRACT ENTERED INTO BY COUNTY COMMISSIONERS FOR THE PURCHASE THEREOF CANNOT BE ENFORCED WHEN NOT MADE ACCORDING TO THE STATUTE PRESCRIBING THE METHODS OF PURCHASE OF REAL ESTATE. 11 C. J.S. BRIDGES 47 (1938)."
NEVERTHELESS, BECAUSE A PARTICULAR STATUTE CONTROLS AND ACTS AS AN EXCEPTION TO GENERA STATUTES, TAYLOR V. SPECIAL INDEMNITY FUND, 804 P.2D 431 (OKLA.1991), IT IS NECESSARY TO EXAMINE 62 O.S. 430.1 TO DETERMINE IF A DIFFERENT DEFINITION OF "REAL PROPERTY" IS INTENDED. BEFORE IT WAS AMENDED IN 1980, 62 O.S. 430.1 PROVIDED FOR LEASE-PURCHASE OF A SPECIFIC LIST OF ITEMS:
 "ROAD MACHINERY AND EQUIPMENT FOR COUNTY USE, AND SUCH FIRE-FIGHTING EQUIPMENT AS MAY BE AUTHORIZED BY LAW FOR COUNTY USE, STREET AND FIRE-FIGHTING EQUIPMENT FOR CITY AND TOWN USE, AND PUPIL-TRANSPORTATION EQUIPMENT FOR SCHOOL PURPOSES, AND MOVABLE BUILDINGS SUITABLE FOR SCHOOL CLASSROOMS."
THIS SECTION WAS AMENDED IN LAWS 1980, C. 126, 5, TO "REAL PROPERTY OR EQUIPMENT." THIS AMENDMENT, HOWEVER, DID NOT CHANGE THE REFERENCES THROUGHOUT THE STATUTE TO "BUILDINGS, MACHINERY AND EQUIPMENT." ANY SUGGESTION THAT THE DEFINITION OF "REAL PROPERTY" MIGHT THUS BE LIMITED TO "BUILDINGS" WAS REMOVED WHEN THE SECOND AMENDMENT, LAWS 1980, C. 339, 4, WAS ADOPTED; IN IT, THE REFERENCES TO "BUILDINGS, MACHINERY OR EQUIPMENT" THROUGHOUT THE STATUTE BECAME "REAL PROPERTY, MACHINERY OR EQUIPMENT." THE STATUTE HAS NOT BEEN SUBSTANTIALLY CHANGED SINCE THESE AMENDMENTS.
BECAUSE THE LEGISLATURE IS PRESUMED NEVER TO DO A VAIN THING, FARRIS V. CANNON, 649 P.2D 529 (OKLA.1982), AND BECAUSE AN AMENDMENT TO THE PHRASEOLOGY OF AN ACT RAISES A PRESUMPTION THAT A CHANGE OF MEANING WAS ALSO INTENDED, IRWIN V. IRWIN, 433 P.2D 931 (OKLA.1965), IT FOLLOWS THAT BY THE 1980 AMENDMENTS THE LEGISLATURE MEANT TO GRANT AUTHORITY TO LEASE OR LEASE-PURCHASE REAL PROPERTY IN A BROAD SENSE. BY USING THE TERM "REAL PROPERTY" WITHOUT LIMITATIONS, THE LEGISLATURE APPARENTLY INTENDED IT TO BE INTERPRETED IN ACCORD WITH ITS GENERAL DEFINITION. 25 O.S. 2. AS DISCUSSED ABOVE, "BRIDGE" FALLS WITHIN THIS DEFINITION OF "REAL PROPERTY"; AS SUCH, THE LEASE OR LEASE-PURCHASE OF A BRIDGE IS WITHIN THE AUTHORITY GRANTED BY THE LEGISLATURE TO COUNTIES.
YOU ALSO QUESTION WHETHER A BRIDGE SUBJECT TO A LEASE-PURCHASE CONTRACT FALLS WITHIN THE LANGUAGE EXEMPTING COUNTY PROPERTY FROM AD VALOREM TAXATION. TITLE 68 O.S. 2887 (EFFECTIVE JANUARY 1, 1992, A RECODIFICATION OF 68 O.S. 2405 (1990) STATES, IN PERTINENT PART, AS FOLLOWS:
"THE FOLLOWING PROPERTY SHALL BE EXEMPT FROM AD VALOREM TAXATION:
* * *
 2. ALL PROPERTY OF THIS STATE, AND OF THE COUNTIES, SCHOOL DISTRICTS, AND MUNICIPALITIES OF THE STATE, INCLUDING PROPERTY ACQUIRED FOR THE USE OF SUCH ENTITIES PURSUANT TO THE TERMS OF A LEASE-PURCHASE AGREEMENT WHICH PROVIDES FOR THE PASSAGE OF TITLE OR THE RELEASE OF SECURITY INTEREST, IF APPLICABLE, UPON PAYMENT OF ALL RENTAL PAYMENTS AND AN ADDITIONAL NOMINAL AMOUNT;"
IF THE BRIDGE HAS BEEN ACQUIRED FOR THE USE OF THE COUNTY, AND THE LEASE-PURCHASE AGREEMENT MEETS THE ABOVE STATUTORY REQUIREMENTS, THEN THE BRIDGE IS EXEMPT FROM AD VALOREM TAXATION, EVEN THOUGH TITLE REMAINS WITH THE LESSOR. I SHOULD POINT OUT THAT ATTORNEY GENERAL OPINION NO. 88-073, ISSUED MARCH 16, 1989, ADDRESSING THE ISSUE OF LIABILITY FOR AD VALOREM TAXES WHEN THE STATE OF OKLAHOMA, A COUNTY, A SCHOOL DISTRICT OR A MUNICIPALITY ENTERS INTO A LEASE-PURCHASE CONTRACT AS A LESSEE, IS NOT APPLICABLE TO YOUR QUESTION BECAUSE IT WAS RENDERED BEFORE 68 O.S. 2887 (1990) WAS AMENDED TO INCLUDE AN EXEMPTION FOR PROPERTY ACQUIRED FOR USE BY THE COUNTY UNDER LEASE-PURCHASE AGREEMENTS.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 1. A COUNTY, AS LESSEE, MAY ENTER INTO A LEASE-PURCHASE CONTRACT WITH A PRIVATE ENTITY FOR THE PURCHASE OF A BRIDGE, TO BE CONSTRUCTED BY THE PRIVATE ENTITY, IF THE LEASE CONTAINS TERMS THAT IT WILL BE FOR A SPECIFIED TERM OF YEARS, AT THE CONCLUSION OF WHICH TITLE TO THE BRIDGE WILL PASS TO THE COUNTY, AND OTHERWISE SATISFIES THE STATUTORY REQUIREMENTS FOR A LEASE-PURCHASE CONTRACT AS SET FORTH IN 62 O.S. 430.1.
 2. IF A COUNTY, AS LESSEE, ENTERS INTO A VALID LEASE PURCHASE CONTRACT WITH A PRIVATE ENTITY FOR THE PURCHASE OF A BRIDGE TO BE USED BY THE COUNTY, AND THE CONTRACT PROVIDES THAT TITLE TO THE BRIDGE WILL PASS TO THE COUNTY UPON PAYMENT OF ALL RENTAL PAYMENTS AND AN ADDITIONAL NOMINAL AMOUNT, THE BRIDGE WILL BE EXEMPT FROM AD VALOREM TAXATION.
(ROBERT WHITTAKER)